UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALFIO GANGEMI,

                Plaintiff,

-against-

GOVERNMENT; FBI,

                Defendants.

1:23-CV-1027 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Alfio Gangemi, of the Bronx, New York, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction. He sues the "Government," which the Court understands to be the United States of America, as well as the Federal Bureau of Investigation ("FBI"). He asserts that the federal law bases for his claims are "personal injury, loss of money, civil rights, [and] emotional distress." (ECF 2, at 2.) Plaintiff does not specify the type of relief he seeks. The Court construes Plaintiff's complaint as asserting claims under the Federal Tort Claims Act and seeking monetary damages.[1]

      By order dated March 7, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

---

[1] Plaintiff filed with his complaint an application for the Court to request *pro bono* counsel. (ECF 3.)

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that the events that are the bases for his claims have occurred between 2016 and the present in New York, New York, and in Fort Lauderdale, Florida. He also alleges the following:

> [d]uring [Plaintiff's] senior year attending Hunter College[,] [he] was sharing protest posts on [F]acebook. A few weeks later[,] [he] was nearly hit by a car twice, followed by meeting a man who claimed to be a lawyer for the United States Government. After meeting this man[,] [Plaintiff] began being harassed by helicopters multiple times daily. [Plaintiff] contacted the [American Civil Liberties Union ("ACLU")] and made a detailed report of those incidents to the ACLU in ap[p]roximat[e]ly 2016. The helicopter harassment continued daily for ap[p]roximat[e]ly three years nonstop. In ap[p]roximat[e]ly 2020[,] [Plaintiff] was living in [Fort Lauderdale], Florida. [He] was told by several people [that] "[t]he entire Los Ang[e]les FBI was in town." [Plaintiff] was contacted by many strange men at that time. (Too much to write.) [He] was passing a television and recognized one of the men who contacted [him] in Florida. [The man's] ti[t]le was something like (Director of the L.A. FBI) on CNN. During this period in Florida, [Plaintiff] was found naked on a busy street during the daytime and was arrested and one [of] the local news (can provide). . . . [Plaintiff is] currently dealing with trauma, mental health, [h]eart issues and stage one cancer. . . . [He has] been under unimaginable levels of stress since 2016.

(ECF 2, at 5-6.)

In the relief section of his form complaint, Plaintiff alleges the following:

> [Plaintiff] was an "A" student at Hunter College in 2016 before [he] protested. [He] was taken out of [his] college senior year and put in a mental institute.

2

> [Plaintiff] was planning to go on to a master's program and was unable to attend d[ue] to the harassment and mental hea[l]th problems [that he] exp[er]ienced.

(*Id.* at 6.)

## DISCUSSION

### A.   The Federal Tort Claims Act

Plaintiff names the United States of America and the FBI as the defendants in this lawsuit, but the Court must dismiss any claims against these entities under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against any part of the federal government, such as a federal agency, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Court considers whether these claims fall under the Federal Tort Claims Act ("FTCA"), which provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. "The proper defendant in an FTCA claim is the United States, not individual federal. . . agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015).

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before

bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the FTCA's time bars are nonjurisdictional and subject to equitable tolling," *Kwai Fun Wong,* 575 U.S. at 420.

      To the extent that Plaintiff asserts claims for damages under the FTCA, he has not alleged facts demonstrating that he filed an administrative claim under the FTCA with a federal government entity for damages and subsequently received a final written determination before bringing this action; he has also not alleged facts showing that it has been more than six months since he has filed such an administrative claim. Accordingly, any claims for damages Plaintiff wishes to pursue against the United States of America in this action are not permissible under the FTCA and the Court dismisses Plaintiff's complaint in full under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. 12(h)(3).

B.      **Plaintiff's claims are frivolous**

Granting this *pro se* complaint the liberal interpretation that it is due, and even if Plaintiff's claims were not dismissible because of the doctrine of sovereign immunity, the Court finds that Plaintiff's claims are frivolous because there is no factual predicate or legal theory on which Plaintiff can rely to state a viable civil claim arising from his allegations and assertions.

Plaintiff asserts, in a conclusory manner, that he has been harassed for years by the federal government. His allegations, however, do not support any of his claims because they are largely irrational or wholly incredible, and provide no factual support suggesting that the relevant alleged events even occurred. Thus, a finding of factual frivolousness is warranted. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (The IFP statute, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." A finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them.") (internal quotation marks and citations omitted); *Livingston*, 141 F.3d at 437 ("An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citations omitted).

The Court therefore additionally dismisses Plaintiff's claims as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

C.      **Leave to amend is denied**

Federal district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill*

*v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). The Court additionally dismisses this action as frivolous. *See* § 1915(e)(2)(B)(i).

Accordingly, the Court denies Plaintiff's application for the Court to request *pro bono* counsel as moot. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   April 10, 2023
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge